# UNITED STATES DISTRICT COURT

12-453     District of     Nevada

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| DIANA RUIZ, | Case Number:    2:12-cr-453-APG-GWF-2 |
| *aka Diana Espinoza* | USM Number:    47439-048 |
| | JAMES HARTSELL |
| | Defendant's Attorney |

**Date of Original Judgment:**    February 19. 2014
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))  
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))  
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))  
X Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))  
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))  
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))  
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)  
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

X pleaded guilty to count(s)   One of the Indictment  
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.  
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 USC §§ 846 and 841(b)(1)(C) | Conspiracy to Distribute Controlled Substances | 9/2012 | One |

The defendant is sentenced as provided in pages 2    7    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

X Count(s)   All Remaining Counts   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

February 19, 2014*  
Date of Imposition of Judgment

*/s/*  
Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE  
Name and Title of Judge

March 4, 2014  
Date

DEFENDANT: DIANA RUIZ
CASE NUMBER: 2:12-cr-453-APG-GWF-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **30 MONTHS**

X    The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the Defendant be permitted to serve her term of incarceration in a Southern California facility and be allowed to participate in the RDAP program.

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

     ☐ as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     X before 12:00 p.m. **MAY 16, 2014** .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/11 Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release
Case 2:12-cr-00453-APG-GWF Document 174 Filed 03/04/14 Page 3 of 12
(NOTE: Identify Changes with Asterisks

Judgment—Page 3 of 7

DEFENDANT: DIANA RUIZ
CASE NUMBER: 2:12-cr-453-APG-GWF-2

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **3 YEARS**

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The Defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually. Revocation is mandatory for refusal to comply.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 09/11 Amended Judgment in a Criminal Case  
Sheet 3C — Supervised Release  
Case 2:12-cr-00453-APG-GWF   Document 174   Filed 03/04/14   Page 4 of 12  
(NOTE: Identify Changes with Asterisks (*))  
Judgment—Page 4 of 7

DEFENDANT: DIANA RUIZ  
CASE NUMBER: 2:12-cr-453-APG-GWF-2

## SPECIAL CONDITIONS OF SUPERVISION

1) You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2) To ensure compliance with all conditions of release, you shall submit to the search of your person, and any property, residence, business or automobile under your control by the probation officer, or any other authorized person under the immediate and personal supervision of the probation officer without a search warrant at a reasonable time and in a reasonable manner. Provided, however, you shall be required to submit to any search only if the probation officer has reasonable suspicion to believe you have violated a condition or conditions of release. You shall also inform any other residents that the premises may be subject to a search pursuant to this condition.

*Note: A written copy of the conditions of release was provided to the Defendant by the Probation Officer in open Court at the time of sentencing.*

## ACKNOWLEDGMENT

Upon finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____  
            Defendant                                          Date

_____    _____  
U.S. Probation/Designated Witness                Date

AO 245C (Rev. 09/11 - Amended Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties (NOTE: Identify Changes with Asterisks (*))

Case 2:12-cr-00453-APG-GWF   Document 174   Filed 03/04/14   Page 5 of 12

Judgment — Page 5 of 7

DEFENDANT: DIANA RUIZ
CASE NUMBER: 2:12-cr-453-APG-GWF-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ WAIVED | $ N/A |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO (Rev. 09/11) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments    (NOTE: Identify Changes with Asterisks

Case 2:12-cr-00453-APG-GWF   Document 174   Filed 03/04/14   Page 6 of 12

Judgment — Page 6 of 7

DEFENDANT: DIANA RUIZ
CASE NUMBER: 2:12-cr-453-APG-GWF-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** [X] Lump sum payment of $ 100.00 due immediately, balance due

  [ ] not later than _____ , or
  [ ] in accordance with  [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

**B** [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

**C** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
*(See Attached Final Order of Forfeiture)*

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: DIANA RUIZ
CASE NUMBER: 2:12-cr-453-APG-GWF-2

# DENIAL OF FEDERAL BENEFITS
*(For Offenses Committed On or After November 18, 1988)*

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862**

IT IS ORDERED that the defendant shall be:

☐ ineligible for all federal benefits for a period of _____ .

☐ ineligible for the following federal benefits for a period of _____ .

*(specify benefit(s))* _____

**OR**

X  Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

IT IS ORDERED that the defendant shall:

☐ be ineligible for all federal benefits for a period of _____ .

☐ be ineligible for the following federal benefits for a period of _____ .

*(specify benefit(s))* _____

IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531



FILED
FEB 19 2014
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 2:12-CR-453-APG-(GWF) |
| DIANA RUIZ, ) | |
| (a.k.a. "Diana Espinoza"), ) | |
| Defendant. ) | |

### FINAL ORDER OF FORFEITURE

On September 23, 2013, the United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2) and Title 21, United States Code, Section 853(a)(1), (a)(2), and (p) based upon the plea of guilty by defendant DIANA RUIZ, (a.k.a. "Diana Espinoza"), to the criminal offense, forfeiting the property set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegations of the Indictment, and shown by the United States to have the requisite nexus to the offense to which defendant DIANA RUIZ, (a.k.a. "Diana Espinoza"), pled guilty. Indictment, ECF No. 1; Bill of Particulars, ECF No. 74; Change of Plea, ECF No. 113; Plea Agreement, ECF No. 114; Preliminary Order of Forfeiture, ECF No. 115.

This Court finds the United States of America published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from September 27, 2013, through October 26, 2013, notifying all potential third parties; and notified known third parties by personal service or by regular mail and certified mail return receipt requested, of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 136.

On October 22, 2013, Clark County Assessor's Office c/o County Assessor Michele F. Shafe was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146, p. 2-18.

On October 22, 2013, Clark County District Attorney's Office c/o District Attorney Steven B. Wolfson was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146, p. 19-35.

On October 22, 2013, Clark County Recorder's Office c/o County Recorder Debbie Conway was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146, p. 36-52.

On October 22, 2013, Clark County Treasurer's Office c/o County Treasurer Laura B. Fitzpatrick was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146, p. 53-69.

On October 22, 2013, Clark County Water Reclamation District c/o Clark County Clerk Diana Alba was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-1, p. 1-17.

On October 22, 2013, Clark County Water Reclamation District c/o Chairman Larry Brown was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-1, p. 18-34.

On October 22, 2013, Clark County Clerk's Office c/o County Clerk Diana Alba was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-1, p. 35-51.

On October 22, 2013, Clark County Board of Commissioners c/o Clark County Clerk Diana Alba was personally served with the Notice, Preliminary Order of Forfeiture, and Amended

Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-1, p. 52-68.

On October 23, 2013, Southern Nevada Water Authority c/o General Manager Patricia Mulroy was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-2, p. 1-17.

On October 23, 2013, Southern Nevada Water Authority c/o General Counsel Gregory J. Walch was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-2, p. 18-34.

On October 23, 2013, Las Vegas Valley Water District c/o General Manager Patricia Mulroy was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-2, p. 35-51.

On October 23, 2013, Las Vegas Valley Water District c/o President Mary Beth Scow was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-2, p. 52-68.

On October 23, 2013, Las Vegas Valley Water District c/o General Counsel Gregory J. Walch was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-3, p. 1-17.

On October 22, 2013, City of Las Vegas Attorney's Office c/o City Attorney Bradford Jerbic was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-3, p. 18-34.

On October 22, 2013, City of Las Vegas Clerk's Office c/o City Clerk Beverly Bridges was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-3, p. 35-51.

. . .

. . .

3

1  On October 22, 2013, City of Las Vegas Sewer c/o City Clerk Beverly Bridges was personally served with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Personal Service, ECF No. 146-3, p. 52-68.

On November 8, 2013, The Corporation Trust Company of Nevada, Registered Agent for Republic Silver State Disposal, Inc., was served by regular and certified return receipt mail with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Mailing, ECF No. 145, p. 2-8 and 15-30.

On November 8, 2013, Jeff D. Andrews, President for Republic Silver State Disposal, Inc., was served by regular and certified return receipt mail with the Notice, Preliminary Order of Forfeiture, and Amended Preliminary Orders of Forfeiture. Notice of Filing Service of Process – Mailing, ECF No. 145, p. 2 and 9-30.

On January 6, 2014, Clark County filed a Petition to Assert Legal Interest in Forfeited Property. Petition to Assert Legal Interest in Forfeited Property, ECF No. 150.

On January 15, 2014, the United States filed a Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Clark County, and Order, ECF. No. 155.

On January 21, 2014, the Court entered an Order granting the Settlement Agreement, Stipulation for Entry of Order of Forfeiture as to Clark County, and Order. Order, ECF No. 156.

This Court finds no other petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the assets named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the property hereinafter described is condemned, forfeited, and vested in the United States of America pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); and Title 21, United States Code, Section 853(a)(1), (a)(2), (n)(7), and (p) and shall be disposed of according to law:

4

1. $18,290.00 in United States Currency;
2. Real property and improvements situated at 6399 Briney Deep Avenue, Las Vegas, NV 89139, more particularly described as Lot 48 in block 1 of Pinnacle II at Pinnacle Peaks, as shown by map thereof on file in Book 106, of Plats Page 93 in the office of the County Recorder of Clark County, Nevada, APN: 176-11-613-048;
3. $2,422.00 in United States Currency;
4. Gents stainless steel Rolex Oyster Perpetual Datejust wristwatch and band, black diamond dial, diamond bezel (aftermarket), 37mm case, model #1162234, serial #Z586603, Movement #3 1504912, 122.3 grams; and
5. Mid-size stainless steel Rolex Oyster Perpetual Datejust wristwatch and band, aftermarket diamond bezel, silver dial, luminous stick markers, date window, 31.5mm case, movement #186547, model #178274, serial #D899431, 89.4 grams.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the United States of America's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

The Clerk is hereby directed to send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office.

DATED this /9th day of February, 2014.

UNITED STATES DISTRICT JUDGE

5